IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOE HEREDIA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:24-cv-01357 |
| | § | |
| **GNG TIMES MK HOSPITALITY SERVICES, L.L.C., a/k/a ALTITUDE TRAMPOLINE PARK** | § § § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff, Joe Heredia ("Plaintiff") files this Original Complaint against Defendant, GNG TIMES MK HOSPITALITY SERVICES, LLC ("Defendant") and would respectfully show as follows:

**A.   PARTIES**

1.   Joe Heredia is the Plaintiff in this action. He is a resident of Houston, Texas and was employed by Defendant within the meaning of the FLSA.

2.   Defendant, GNG TIMES MK HOSPITALITY SERVICES, L.L.C is a Texas limited liability corporation with, upon information and belief, a principal place of business in Katy, Texas under the name of Altitude Trampoline Park and where it engages in commerce in Texas and is subject to the FLSA. This Defendant was, at all times material to this suit, the Plaintiff's employer. The business address for the Altitude Trampoline Park is 24952 Katy Ranch Road, Katy, Texas 77494.

3. Defendant may be served with process by serving its agent for service of process as follows:

>**REPUBLIC REGISTERED AGENT LLC**
>**17350 State Highway 249, Suite 220,**
>**Houston, Texas 770644**

### B. JURISDICTION

4. This court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA"). As such, this case presents a federal question.

### C. VENUE

5. Defendant does systematic and continuous business in the State of Texas and in this District. This lawsuit arises out of some of those contacts. Accordingly, this court has personal jurisdiction over Defendant pursuant to 28 U.S.C. §1391(b)(1) & (2) and venue for this suit is proper in this District and Division.

### D. FACTS

6. Defendant and its franchises provide indoor entertainment in the form of a trampoline park open and available to the public at large. It hires and trains individuals such as the Plaintiff to operate and maintain its franchise facilities throughout the United States and in Texas. Defendant maintains a presence on the internet and uses that presence to solicit business and recruit in Texas.

7. At all relevant times, Defendant has been and continues to be engaged in interstate commerce, engaged in the production of goods for commerce, and/or is an enterprise engaged in the production of goods for commerce or engaged in handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person. Defendant employs individuals, like Plaintiff, who have been and/or continue to be engaged in interstate commerce and/or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or engaged in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, the enterprise had a total annual gross volume of business exceeding $500,000.

8. Although Plaintiff was given the title of manager, Defendant retained sole authority to hire and fire its employees, set employee work schedules, work locations and/or conditions of employment. Defendant determined the rate or method of payment for its employees and, as such, is required by law to maintain records of same. The violations of the FLSA alleged in this Complaint were proximately caused by the unlawful policies, customs, practices and/or procedures promulgated by Defendant.

9. Plaintiff began his employment by Defendant at the Altitude Trampoline Park in April 2022 and would show that he was paid at the rate of twenty-two dollars an hour for his labor [$22.00/hr.] during his shifts at the facility. On multiple occasions, he worked more than forty [40] hours a week and his pay stubs would reflect the overtime hours he worked and payment for those hours at his regular hourly rate but not at the overtime rate of time and one-half. Defendant was aware that Plaintiff was working these hours and was aware of the requirement to pay overtime but ignored Plaintiff's complaints and continued to engage in the practice. During his employment, Plaintiff complained about not getting paid overtime and about his classification as an exempt employee. Plaintiff would show that the Defendant denied him the right to hire or fire, demote or promote the other employees at the facility.

10. Under the Fair Labor Standards Act [FLSA], the company's failure to pay Mr. Heredia overtime at one and one-half times his regular rate entitles him to unpaid overtime for the hours over forty (40) that he worked in a workweek, plus liquidated damages, court costs and attorney's fees.

11. The violations of the FLSA outlined above were committed in bad faith. It was unreasonable for the Defendants to classify Plaintiff as an exempt employee under the circumstances of his employment and to deny him overtime pay. Plaintiff would show that such behavior on the part of Defendant was willful and done in violation of the FLSA...

## E. CAUSE OF ACTION

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA)

12. The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-11, *supra*.

13. At all relevant times, Defendant had been and continues to be an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed and/or continues to employ employees, including Plaintiff, who have been and/or continue to be engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has had annual gross sales in excess of $500,000.00.

14. The FLSA requires Defendant, a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

15. Plaintiff is entitled to compensation for all hours worked, and for all overtime hours worked.

16. Defendant has thus far failed and refused to compensate Plaintiff for work he performed in excess of forty (40) hours per week.

17. The Defendant violated §207 of the FLSA by employing the Plaintiff in any workweek when he was engaged in and/or employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours, and by not compensating him for work hours in excess of forty hours at a rate of not less than one and one-half times the regular rate at which he was employed. See 29 U.S.C. §207(a)(1). The decision made by the Defendant to withhold overtime pay to the Plaintiff was not reasonable nor in good faith. Accordingly, the Plaintiff is entitled to his unpaid wages and overtime compensation, liquidated damages in an amount equal to his unpaid wages and overtime compensation, as provided by law, and seeks same from Defendant by this suit.

18. The overtime work performed by Plaintiff was required by Defendant, for the benefit of Defendant, and was directly related to Plaintiff's principal employment with Defendant and was an integral and indispensable part of his employment with Defendant. Plaintiff would show that during the period of his employment by Defendant, he worked a total of 497.43 hours of overtime. In terms of unpaid overtime wages, he worked 325.51 hours of overtime for which he was paid only his base wage of $22.00/hr. and 171.92 hours of overtime for which he was paid his base wage at that time of $20.00/hr. Accordingly, he is owed $5,299.91 for unpaid overtime worked. Further, plaintiff seeks a similar sum as liquidated damages.

19. The FLSA requires an employer like Defendant to maintain accurate records of all hours worked. Upon information and belief, by failing to record, report, and/or preserve such

records of hours worked by Plaintiff, Defendant has acted in violation of 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §§211(c) and 215(a).  These violations were knowing and willful within the meaning of the FLSA.

20.     Pursuant to the FLSA, the Plaintiff also seeks recovery of his reasonable and necessary costs, interest, expenses and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit, and such other legal and equitable relief to which he is justly entitled.

### F.  JURY DEMAND

21.     Plaintiff hereby requests a trial by jury.

### G.  PRAYER

For these reasons, Plaintiff respectfully requests that Defendant be cited to appear and answer herein and that, following final hearing, he be awarded all of his unpaid wages, unpaid overtime, liquidated damages, and all of the elements of damages provided by law, in addition to costs, attorney's fees, post-judgment interest, and for such other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

*/s/John A Sullivan, III*
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No.  1398
jsullivan@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas  77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)
ATTORNEY-IN-CHARGE FOR PLAINTIFF
JOE HEREDIA

OF COUNSEL:

Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas  77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

and

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
1110 NASA Parkway, Suite 470
Houston, Texas  77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)